# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MICHAEL CHRISTIAN,** | : | |
| **Petitioner** | : | **Civil Case No. 06-00170** |
| | : | **Judge Paul L. Friedman** |
| | : | |
| **v.** | : | |
| | : | |
| **D.C. DIVISION OF CORRECTION,** | : | |
| **U.S. PAROLE COMMISSION,** | : | |
| **Respondents** | : | |

## U.S. PAROLE COMMISSION'S OPPOSITION TO PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS

The United States Parole Commission, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully files its opposition to petitioner's pro se petition for a writ of habeas corpus. The petitioner, who had his parole revoked by the U.S. Parole Commission, has filed a pro se petition for a writ of habeas corpus in which he claims that the U.S. Parole Commission lacks the authority to order the forfeiture of the time he spent on parole, known as street time, and that such forfeiture violates the Ex Post Facto and Due Process clauses of the Constitution. Because the District of Columbia Court of Appeals has decided the issues concerning the forfeiture of street time raised by the petitioner squarely in favor of the position of the U.S. Parole Commission, the petitioner's challenge to his sentence calculation should be summarily denied.

## PROCEDURAL HISTORY

On March 10, 1976, the petitioner, Michael Christian, was sentenced in D.C. Superior Court Case No. F46399-75 pursuant to the Federal Youth Corrections Act for the offenses of

second degree murder while armed and carrying a pistol without a license. See Exhibit A (Judgment and Commitment Order). On December 8, 1978, the petitioner was released on parole supervision and was to remain under parole supervision until November 24, 1995, his full term sentence date.  See Exhibit B (Certificate of Parole). The petitioner failed to comply with the conditions of his parole and, on October 5, 1988, the D.C. Board of Parole revoked the petitioner's parole. See Exhibit C (D.C. Board of Parole Order).

On March 12, 1990, the petitioner was paroled and was to remain under parole supervision until June 3, 2003, his full term sentence date. See Exhibit D (Certificate of Parole). The petitioner was not released to the community, however, but was paroled to an aggregate term of imprisonment of 5 to 15 years of imprisonment imposed on May 25, 1988 in the D.C. Superior Court Case No. F3778-87 for the offenses of indecent acts on a minor and enticing a minor, and in F8269-87 for attempted distribution of PCP. See Exhibit E (Federal Bureau of Prisons Sentence Monitoring Computation Data) and Exhibit F (Report of Alleged Violations(s)). The petitioner committed these offenses while on parole. The petitioner was mandatorily released from the 15 year sentence on January 13, 2000, and the petitioner was to remain under supervision until February 23, 2005, his full term sentence date for F3778-97 and F8269-87. See Exhibit F.

The petitioner failed to comply with the conditions of mandatory release and, on December 13, 2002, the U.S. Parole Commission revoked the petitioner's mandatory release, forfeited all of the time that he had spent on mandatory release as required by D.C. Code § 24-406(a), and continued him to a presumptive parole date of October 18, 2003, after he had served

13 months. <u>See</u> Exhibit G (Notice of Action).[1] The Federal Bureau of Prisons computed the balance of petitioner's 15 year sentence based upon the Commission's decision and revised the full term sentence date to October 30, 2007. <u>See</u> Exhibit E at 8. On December 2, 2003, the petitioner was released on parole supervision and was to remain under supervision until the expiration of his sentence on October 30, 2007. <u>See</u> Exhibit H (Certificate of Parole).

The petitioner failed to comply with the conditions of his parole and, on February 14, 2005, the Commission revoked the petitioner's parole, forfeited all of the time he spent on parole as required by D.C. Code § 24-406(a), and ordered re-parole on June 1, 2005, after the petitioner had served 6 months. <u>See</u> Exhibit I (Notice of Action). Based upon the Commission's decision, the Bureau of Prisons re-calculated the balance of the petitioner's 15 year sentence and revised his full term date to October 28, 2008. <u>See</u> Exhibit E at 4. On June 1, 2005, the petitioner was released on parole supervision and was to remain under supervision until the expiration of his sentence on October 28, 2008. <u>See</u> Exhibit J (Certificate of Parole).

On July 15, 2005, the Commission issued another parole violator warrant for the petitioner. <u>See</u> Exhibit K (Warrant). The Commission charged the petitioner with violating the conditions of his parole by failing to submit to drug testing, using dangerous and habit forming drugs, failing to report to his supervision officer as directed, and violating the special condition that he participate in drug aftercare treatment. <u>See</u> Exhibit L (Warrant Application).

On July 26, 2005, the parole violator warrant was executed. <u>See</u> Exhibit M

---

[1]On August 5, 2000, the U.S.Parole Commission assumed responsibility for conducting revocation hearings for D.C. Code parole violators pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998); D.C. Code § 24-131.

(Memorandum from U.S. Marshals Service). On August 2, 2005, a Commission hearing examiner conducted a probable cause hearing and found probable cause to believe that the petitioner had violated his conditions of parole. See Exhibit N at p. 4 (D.C. Probable Cause Hearing Digest). On November 28, 2005, the petitioner accepted an expedited revocation proposal. See Exhibit O (Response to Expedited Revocation Proposal); 28 C.F.R. § 2.66.[2] By the petitioner's acceptance of this offer, he accepted responsibility for his violations, waived his right to a revocation hearing, and consented to the sanction proposed by the Commission. See Exhibit O. On December 8, 2005, in accordance with the terms of the expedited revocation agreement, the Commission revoked the petitioner's parole, forfeited all of the time that he spent on parole as required by D.C. Code § 24-406(a), and granted a re-parole date of September 23, 2006, after service of 14 months. See Exhibit P (Notice of Action).

Based upon the Commission's decision, the Federal Bureau of Prisons re-calculated the balance of the petitioner's 15 year sentence and revised his full term sentence date to December 21, 2008. See Exhibit E at 2.

## ARGUMENT

In his instant petition, the petitioner challenges his sentence calculation.[3] The petitioner

---

[2] An "expedited revocation procedure" is a procedure in which the parolee agrees to revocation of his parole, without a hearing, in return for a specified re-parole date from the Commission.

[3] Since the filing of the petitioner's habeas petition, the petitioner has been transferred to FCI Petersburg Medium in Petersburg, Virginia, where the warden is Vanessa P. Adams. At the time that the petitioner filed his petition, however, he was an inmate at the D.C. Correctional Treatment Facility, where his custodian was Warden Fred Figueroa. Warden Figueroa is within this Court's jurisdiction and because the Court had jurisdiction over the petitioner's custodian when the petitioner filed his petition, this Court retains jurisdiction despite the petitioner's subsequent transfer. See Rumsfeld v. Padilla, 124 S.Ct. 2711, 2720 (2004) (if district court had

argues that, when his parole was previously revoked, the U.S. Parole Commission was barred from forfeiting the time he had spent on parole, i.e., his street time. The petitioner claims that the forfeiture of his street time by the U.S. Parole Commission has resulted in a full term date of his original sentence being impermissibly extended beyond the full time date he was given when he was originally released on parole. Therefore, the petitioner argues that he is being unlawfully detained beyond the expiration of his sentence.

The petitioner's argument has no merit. The law is clear that, upon revocation of parole, none of the time that a prisoner has previously spent on parole in the past can be credited to the service of his sentence, and that street time is properly forfeited. See D.C. Code § 24-406(a) (when parole is revoked, none of the time spent under parole supervision will be credited toward the sentence); United States Parole Comm'n. v. Noble, 693 A.2d 1084, 1085 (D.C.1997), op. adopted, 711 A.2d 85 (D.C.1998) (en banc) (D.C. Code § 24-406 requires automatic forfeiture of street time after revocation of parole); see also Jones v. Bureau of Prisons, 2002 WL 31189792 (D.C. Cir. October 2, 2002) (appellant cannot receive credit for "street time" after his parole is revoked); Mills v. U.S. Parole Comm'n., 2006 WL 270262, *3 (D.D.C. February 2, 2006) (same); White v. U.S. Parole Comm'n., 2005 WL 3555494, *4 (D.D.C. December 23, 2005)

_____

jurisdiction over petitioner's custodian when petitioner filed petition, court maintains jurisdiction if petitioner thereafter is transferred to another jurisdiction); Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir.)(same), cert. denied, 125 S.Ct. 448 (2004); Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("When a prisoner seeks to challenge parole-related decisions, the warden of the prison and not the U.S. Parole Commission is the prisoner's 'custodian'"). Nonetheless, the Court should strike the respondents named in the caption of the petitioner's petition, and substitute Warden Adams as the respondent to comply with the requirements of 28 U.S.C. § 2243 ("The writ or order to show cause shall be directed to the person having custody of the person detained").

(same); <u>McKee v. U.S. Parole Comm'n</u>., 2005 WL 3211426, *4 (D.D.C. November 28, 2005) (same); <u>Bey v. U.S. Parole Comm'n</u>., 2005 WL 3275922, *3 (D.D.C. August 29, 2005) (same); <u>Redrick v. Williamson</u>, 2005 WL 1155041, *3 (M.D. Pa. May 4, 2005) (D.C. offenders cannot receive credit for "street time" after parole is revoked); <u>McQueen v. U.S. Parole Comm'n</u>., 2005 WL 913151, *2 (D.D.C. April 19, 2005) (same); <u>Simmons v. U. S. Parole Comm'n</u>., 2005 WL 758268, *2 (D.D.C. April 1, 2005) (same); <u>McRae v. D.C. Parole Board</u>, 2002 WL 32388337, *2 (E.D.Va May 13, 2002) (same) . Thus, the U.S. Parole Commission correctly forfeited all of the time the petitioner spent on parole supervision ("street time") upon revocation of his parole, which has resulted in a projected full term date of December 21, 2008.

Despite the fact that the petitioner agreed to his latest revocation and loss of "street time", the petitioner further argues that the forfeiture of his street time violates the <u>Ex</u> <u>Post</u> <u>Facto</u> and Due Process clauses of the Constitution. However, the Court of Appeals has ruled squarely that the forfeiture of street time does "not violate the <u>Ex</u> <u>Post</u> <u>Facto</u> or Due Process Clauses" of the constitution.  <u>Davis v. Moore</u>, 772 A.2d 204, 209 (D.C. 2001) (en banc); <u>see also</u> <u>Jones</u>, <u>supra</u>, 2002 WL 31189792 at *1 (No <u>Ex</u> <u>Post</u> <u>Facto</u> violation when sentence was recalculated to exclude any credit previously given for street time); <u>Sanders v. U.S. Parole Comm'n</u>., 2006 WL 473786, * 4 (D.D.C. February 28, 2006) (same); <u>White v. U.S. Parole Comm'n</u>., <u>supra</u>, 2005 WL 3555494 at *4 (same); <u>Bey v. U.S. Parole Commission</u>, <u>supra</u>, 2005 WL 3275922 at *3 (same); <u>McKee v. U.S. Parole Commission</u>, <u>supra</u>, 2005 WL 3211426 at *4 (same); <u>Wade v. Figueroa</u>, 2005 WL 607974, at *2 (D.D.C. March 15, 2005) (same); <u>Redrick v. Williamson</u>, <u>supra</u>, 2005 WL 1155041, at *4 (forfeiture of "street time" for D.C. offenders does not violate <u>Ex Post Facto</u>

-6-

or Due Process); <u>McRae v. D.C. Parole Board</u>, <u>supra</u>, 2002 WL 32388337, at *2-3 (same).

Accordingly, the petitioner's petition for a writ of habeas corpus should be summarily denied.

A proposed Order is attached.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451-058

_____/s/_____
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Section
D.C. Bar Number 457-078

_____/s/_____
SHERRI L. BERTHRONG
Assistant United States Attorney
Special Proceedings Section
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the U.S. Parole Commission's Opposition has been electronically filed with the Court and served by mail upon the petitioner, Michael Christian, Fed. Reg. No. 26048-016, FCI Petersburg Medium, Federal Correctional Institution, P.O. Box 90043, Petersburg, VA 23804, this 23rd day of March, 2006.

_____/s/_____
Sherri L. Berthrong
Assistant United States Attorney