# **EXHIBIT L**

| U.S. DEPARTMENT OF JUSTICE | WARRANT APPLICATION |
|---|---|
| UNITED STATES PAROLE COMMISSION | D.C. Code Offender |

Name .............................. Christian, Michael

| | |
|---|---|
| Reg. No ........................ 26048-016 | Date .......................................... July 15, 2005 |
| DCDC No. ..................... 181-997 | Termination of Supervision...... October 28, 2008 |
| FBI No .......................... 620290J3 | [If Conviction Offense Before April 11, 1987 And |
| Birth Date .................... ■■■■■■■■ | Offender Is On Mandatory Release, Termination |
| Race ............................. Black | Date Is 180 Days Prior To Full Term] |
| | Violation Date ......................... June 6, 2005 |
| | Released ................................. June 1, 2005 |

Sentence Length ........... 15 years (Original); 1428 days (PV Term)
Original Offense ............. Indecent Acts on a Minor; Enticing a Minor

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

## CHARGES:

**Charge No. 1 - Failure to Submit to Drug Testing.** The releasee failed to submit urine specimens on 6/6, 6/8, 6/13, 6/15 and 6/27/2005. This charge is based on the information contained in the violation report dated 7/11/2005 from supervising officer Eric Olson.
I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs.** The releasee submitted urine specimens that tested positive for:

Cocaine on 6/17, 6/20, 6/22, 6/29 and 7/1/2005

EXHIBIT
L

Christian, Michael
Reg. No. 26048-016    DCDC No. 181-997

This charge is based on the information contained in the violation report dated 7/11/2005 from supervising officer Eric Olson and the SMART drug status report.
I ADMIT [ ] or DENY [ ] this charge.

Charge No. 3 - **Failure to Report to Supervising Officer as Directed.** The releasee failed to report to the supervising officer on 6/15/2005 as directed. This charge is based on the information contained in the violation report dated 7/11/2005 from supervising officer Eric Olson.
I ADMIT [ ] or DENY [ ] this charge.

Charge No. 4 - **Violation of Special Condition (Drug Aftercare).** The releasee failed to keep appointments with the drug aftercare program on 6/24, 6/27 and 7/1/2005. This charge is based on the information contained in the violation report dated 7/11/2005 from supervising officer Eric Olson.
I ADMIT [ ] or DENY [ ] this charge.

Probable Cause Hearing Is Required

Warrant Recommended By:

Warrant Issued................... July 15, 2005

Tiffany B. Moore, Case Analyst Trainee
U.S. Parole Commission

Community Supervision Office Requesting Warrant: Sex Offenders' Supervision-Team 13, 300 Indiana Avenue

Christian, Michael
Reg. No. 26048-016    DCDC No. 181-997