UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MICHAEL CHRISTIAN,                  )
                                    )
       Petitioner,                  )
                                    )
       v.                           )   Civil Action No. 06-0170 (PLF)
                                    )
D.C. DIVISION DEPARTMENT            )
OF CORRECTIONS, <u>et al</u>.,            )
                                    )
       Respondents.                 )
_____ )

<u>MEMORANDUM OPINION</u>

      In this action seeking a writ of <u>habeas corpus</u>, the petitioner challenges his sentence calculation.[1] Upon consideration of the parties' submissions and the entire record, the Court will deny the petition and dismiss the case.

I. BACKGROUND

      On March 10, 1976, the Superior Court of the District of Columbia sentenced the petitioner under the Federal Youth Corrections Act for second-degree murder while armed and carrying a pistol without a license. On December 8, 1978, the then-District of Columbia Board of Parole released the petitioner to parole supervision, under which he was to remain until the expiration of his full-term date of November 24, 1995. The Board revoked the petitioner's parole on October 5, 1988 for, among other parole violations, committing new offenses for which the Superior Court had sentenced him on May 25, 1988 to an aggregate term of five to 15 years' imprisonment. On March 12, 1990, the Board

---

[1] Although the petitioner is currently confined in Petersburg, Virginia, he initiated this action while confined at the District Columbia's Correctional Treatment Facility. This Court therefore retains jurisdiction over the petition. <u>Chatman-Bey v. Thornburgh</u>, 864 F.2d 804, 806 n.1 (D.C. Cir. 1988).

released the petitioner to parole from the 1976 sentence, but he remained in custody to serve the five to 15-year sentence. On January 13, 2000, the Board released the petitioner to parole supervision until February 23, 2005.

On December 13, 2002, the United States Parole Commission, having assumed parole responsibility for District of Columbia felons, revoked the petitioner's parole and rescinded the credit the petitioner had earned toward service of his sentence while on parole ("street-time credit"). The petitioner was again released to parole supervision on December 2, 2003, revoked on February 14, 2005, released on June 1, 2005, and revoked on December 8, 2005. The petitioner's current full-term release date is December 21, 2008.

## II. DISCUSSION

The petitioner challenges the Commission's rescission of his street-time credit upon the revocation of parole. Through a series of cases starting with Noble v. United States Parole Commission, 82 F.3d 1108, 1109-10 (D.C. Cir. 1996), such challenges have been finally resolved against District of Columbia prisoners. See Noble v. United States Parole Commission, 194 F.3d 152, 154 (D.C. Cir. 1999) (discussing D.C. Code § 24-406(a)) (formerly § 24-206)(a)) (requiring the forfeiture of street-time credit upon parole revocation). In responding to the United States Parole Commission's Opposition to Petitioner's Petition for a Writ of Habeas Corpus ("Res.' Opp."), the petitioner states that he is not invoking Noble or the District of Columbia's forfeiture statute but rather wants the Court to "calculate my sentence time. . . ." Pet.'s Opp. [Dkt. No. 14] at 1. Throughout the response, however, the petitioner emphasizes the amount of "street time taken," id at 1-2 (bold typeface omitted), and then argues that the Parole Commission "violates [the Constitution's double jeopardy clause] each and every time that they . . . took [sic] away time serve [sic] on the street." Id at 2. The Court therefore finds Noble and its progeny controlling here.

District of Columbia prisoners are entitled to habeas corpus relief under 28 U.S.C. § 2241 if they establish that their "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In addition to the double jeopardy clause, which is not applicable to parole decisions, see United States v. DiFranceso, 449 U.S. 117, 137 (1980), the petitioner claims that the respondents violated the Constitution's ex post facto and due process clauses in rescinding his street-time credit. The courts of this circuit have consistently rejected such claims. See Res.' Opp. at 5-7 (listing cases); Davis v. Moore, 772 A.2d 204 (D.C. 2001) (en banc) (holding that the retroactive application of Noble does not violate the due process and ex post facto clauses).[2] The petitioner presents no basis for a departure here. Accordingly, the application for a writ of habeas corpus is denied. A separate Order accompanies this Memorandum Opinion.

DATE: November 9, 2006

/s/_____
PAUL L. FRIEDMAN
United States District Judge

---

[2] "[S]tate courts generally have the authority to determine the retroactivity of their own decisions" that resolve, as here, questions of state or D.C. law. American Trucking Association, Inc. v. Smith, 496 U.S. 167, 177 (1990) (citation omitted).